UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA SHANNON E., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5218-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in May 1973, has at least a high school education, and has worked as a Home Health Worker.  AR 27-28.  Plaintiff has not engaged in substantial gainful activity since her alleged onset date of September 23, 2017.  AR 20.

On March 5, 2021, Plaintiff applied for benefits, alleging disability as of September 23, 2017.  AR 17.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. *Id.* After the ALJ conducted a hearing on June 27, 2023, the ALJ issued a decision finding Plaintiff not disabled. AR 17-29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since at least September 23, 2017, the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: lumbar degenerative disc disease, bilateral rotator cuff tears, nicotine dependence, obesity, depression, and anxiety.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work with limitations: she can lift or carry 20 pounds only occasionally and ten pounds frequently; cannot sit for more than six hours, stand for more than six hours, or walk for more than six hours; can push or pull as much as she can lift or carry; can operate foot controls with both feet frequently and operate hand controls with both hands frequently; can frequently reach overhead and otherwise to the left and right; can climb ramps and stairs occasionally, but never climb ladders, ropes, or scaffolds; can stoop occasionally, but never kneel, crouch, or crawl; can work at unprotected heights occasionally; can work around moving mechanical parts occasionally; can interact with co-workers frequently, but only occasionally interact with the public; and cannot use uneven surfaces. She also has frequent fingering limitations with both hands and her use of a cane should not interfere with any job.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-5. Plaintiff appealed the final decision of the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

1 | Commissioner to this Court. Dkt. 4. The parties consented to proceed before the undersigned
2 | Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by failing to properly evaluate Dr. Robert Stuart's medical opinion for "persuasiveness" in accordance with the prevailing rules and regulations. Dkt. 10 at

4. She contends this was harmful error and remand is required. *Id.* at 9. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. Dkt. 12.

### A. The ALJ Did Not Err in Assessing Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's supportability and consistency findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Here, the ALJ found Dr. Stuart's opinion "partially persuasive." AR 26. He found Dr. Stuart's evaluation of Plaintiff's lifting and carrying capacity persuasive as it was supported by a detailed explanation and consistent with the medical record evidence. *Id.* However, the ALJ found Dr. Stuart's evaluation of Plaintiff's walking and standing capabilities was "not supported by the exam findings or reported activities." *Id.* The ALJ pointed to the fact that Plaintiff "repeatedly appeared in no acute distress" at her medical appointments and that she "received some improvement with injection therapy." *Id.* He also stated that "surgical intervention was not recommended" for her back and that there was likewise "no surgical intervention regarding her rotator cuff tears." *Id.* He acknowledged that Plaintiff experienced some improvement in her right shoulder with physical therapy, that her gait was normal "at times," and that while she did use a cane, "there was no mention of any assistive device usage at several exams." *Id.* He pointed out that Plaintiff had "normal musculoskeletal strength," her "sensation was intact," and that she sometimes watches her granddaughter. *Id.* Overall, the ALJ found this evidence was consistent with light exertional limitations, but found the "normal gait at times, lack of assistive

1   device at times, and [Plaintiff's] reported activities" was not consistent with Dr. Stuart's opined

2   limitations as to her walking and standing capabilities. *Id.*

3       Plaintiff contends the ALJ failed to support his persuasiveness determination of Dr.

4   Robert Stuart's medical opinion with substantial evidence. Dkt. 10 at 7. Specifically, she argues

5   the ALJ impermissibly cherry picked the medical record evidence and chose to ignore other

6   evidence that supported Dr. Stuart's opinion regarding her standing and walking capabilities. *Id.*

7   at 7-8. But Plaintiff's argument does not show how the ALJ overlooked any part of the medical

8   record. The ALJ did not engage in cherry picking when he focused on the fact that there was no

9   mention of Plaintiff using an assistive device *at times* in the medical record. AR 26. Nor did the

10  ALJ overlook the fact that Plaintiff *at times* has an abnormal gait; he specifically referenced that

11  she had a normal gait only "at times." *Id.* Instead, the ALJ used these points to illustrate his

12  conclusion that Dr. Stuart's opinion regarding the severity of Plaintiff's standing and walking

13  limitations was not supported by the medical record. While the Court is required to examine the

14  record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

15  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

16  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

17  must be upheld. *Id.*

18      Plaintiff also argues the ALJ inaccurately stated part of the objective medical evidence,

19  namely, whether surgical intervention was recommended for Plaintiff's back. *Id.* at 8. The

20  Court acknowledges that, as Plaintiff argues, surgical intervention for her back was indicated but

21  did not occur. Nevertheless, the ALJ's statement that "surgical intervention was not

22  recommended" is accurate. Although surgery may alleviate some of Plaintiff's pain and other

23  symptoms, her doctor specifically did not recommend it based on her continued use of cigarettes.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

*See, e.g.*, AR 1344 ("[I]n the context of active smoking, I have conveyed to her why there is no active surgical intervention of a sustainable fusion strategy which could be available to her."). Plaintiff contends that "recommendation of surgery indicates that the medical professionals felt that [her] condition was severe enough to warrant surgery, which is consistent with Dr. Stuart's opinion." Dkt. 13 at 3. But the fact that, but-for her cigarette usage, Plaintiff may be eligible for surgery does not undermine the ALJ's conclusion as to Dr. Stuart's opinion. If anything, that Plaintiff has not had surgery may undercut the perceived severity of her symptoms. There was no error here.[3]

Plaintiff also takes issue with the ALJ's evaluation of her daily activities in the context of his evaluation of Dr. Stuart's opinion. Dkt. 13 at 3. She argues that the Commissioner "cannot rely on generalities of what goes into childcare," but this argument is a strawman. The ALJ did not make any generalities about Plaintiff's caring for her granddaughter. He merely stated that she "watches her granddaughter at times," AR 26, which Plaintiff has admitted to. *See, e.g.*, AR 43. This does not undermine the ALJ's evaluation of Dr. Stuart's opinion.

Finally, Plaintiff contends the ALJ failed to evaluate her under the appropriate Medical-Vocational Rule for her age. Dkt. 10 at 8-9. As the Commissioner contends, this argument is without merit. The ALJ assessed Plaintiff's functional capacity as both a "younger individual" and as a person "closely approaching advanced age." *See* AR 28. He concluded she was not disabled under either framework.

---

[3] Even if the ALJ misunderstood whether surgical intervention was recommended, this would at most constitute harmless error because his other reasons for finding Dr. Stuart's opinion only partially persuasive, *see* AR 26, remain valid. *See Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless; the relevant inquiry "is not whether the ALJ would have made a different decision absent any error, . . . [but] whether the ALJ's decision remains legally valid, despite such error.") (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

# CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 25th day of October, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge